IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

APRIL ROCKHOLD,

        Plaintiff,

v.                              CIVIL ACTION NO.  6:13-cv-14963

LORI TILLMAN, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are the United States' motion to dismiss Defendant Lori Tillman and substitute the United States as the Defendant in this case [ECF 1] and the United States' motion to dismiss this case without prejudice for lack of subject matter jurisdiction [ECF 3].  For the reasons that follow, the Court **GRANTS** both motions.

*I.     BACKGROUND*

On May 23, 2013, Plaintiff April Rockhold filed a civil complaint against Defendant Lori Tillman in the magistrate court of Wood County, West Virginia.  (ECF 5–1.)  Ms. Rockhold alleged that Defendant, a mail carrier, struck her two English Bulldogs "causing serious bodily injury to both."  (*Id.*)  Ms. Rockhold sought payment for a veterinarian bill of $1,051.75 and court costs. (*Id.*)

On June 20, 2013, the United States removed the case from the Wood County magistrate court pursuant to 28 U.S.C. §§ 2679 and 1442(a)(1).  (ECF 5.)  The United States filed a written certification signed by the Attorney General's designee, the United States Attorney for the Southern District of West Virginia.  (ECF 1–1.)  The certification states that Ms. Tillman was acting within the scope of her employment at the time of the incident alleged in the Wood County

complaint. (*Id.*). Contemporaneous with the filing of its notice of removal, the United States filed the pending motion to dismiss Ms. Tillman and the motion to dismiss the case for lack of subject matter jurisdiction. Plaintiff has not responded to either motion.

Because of Plaintiff's failure to respond to the pending motions and because she is proceeding pro se, the Court issued a notice on February 13, 2014, to alert Plaintiff to the fact that her failure to respond could result in the entry of an order of dismissal against her in accordance with *Davis v. Zahradrich*, 600 F.2d 458, 460 (4th Cir. 1979) and *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). (ECF 8.) The Order directed that, should Plaintiff elect to respond to the pending motions, her response must be filed on or before February 27, 2014. (*Id.*) To date, Plaintiff has not filed any response. Accordingly, this matter is now ripe for disposition.

## II. DISCUSSION

### A. *United States' Motion to Dismiss Defendant Tillman and Substitute the United States As the Defendant in This Case*

The United States has tendered a certification pursuant to 28 U.S.C. § 2679(d)(1) of the Federal Tort Claims Act ("FTCA") that Defendant Tillman was acting within the scope of her employment as an employee of the United States at the time of the alleged incident. (ECF 1–1.)

Sections 2679(d)(1) & (2) provide:

(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before

2

>trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

The Attorney General's designee's certification that a defendant employee was acting within the scope of his or her federal employment is conclusive unless challenged. *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1153-54 (4th Cir. 1997) (citing *Billings v. United States*, 57 F.3d 797, 800 (9th Cir.1995)). "When the certification is challenged, it serves as *prima facie* evidence and shifts the burden to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment." 111 F.3d at 1153 (citing *Palmer v. Flaggman*, 93 F.3d 196, 198-99 (5th Cir.1996) (stating that "the burden of proof lies with the plaintiff to show that the Attorney General's initial decision was incorrect" (footnote omitted)); *Coleman v. United States*, 91 F.3d 820, 823 (6th Cir. 1996) (stating that "the Attorney General's certification provides *prima facie* evidence that an employee's conduct is within the scope of employment"); *Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996) (same); *Anthony v. Runyon*, 76 F.3d 210, 213, 215 (8th Cir. 1996) (noting that "Westfall certification acts as *prima facie* evidence that the defendants were acting within the scope of their employment," and that after certification, "plaintiffs have the burden of coming forward with specific evidence in rebuttal" (internal quotation marks omitted)); *Billings*, 57 F.3d at 800 (holding that "[c]ertification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment"); *Kimbro v. Velten*, 30 F.3d 1501, 1509 (D.C. Cir. 1994) (explicitly agreeing with the Third Circuit's view that a certification is "entitled to '*prima facie*'

3

effect" and "obliges the plaintiff to come forward after reasonable discovery with evidence supporting his allegations both as to scope and as to the merits" (citations omitted); *Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir. 1992) (same); *Hamrick v. Franklin*, 931 F.2d 1209, 1211 (7th Cir. 1991) (holding that "the plaintiffs have the burden of showing that the defendants' conduct was not within the scope of employment").

In assessing whether the plaintiff has rebutted the *prima facie* case, however, the district court should not defer to the Attorney General's certification, but should instead review the question de novo. *Gutierrez de Martinez*, 111 F.3d at 1154 (citing *Palmer*, 93 F.3d at 198–99 (stating that it gave "no judicial deference to the Attorney General's findings"); *Anthony*, 76 F.3d at 213 (stating that "the district court must independently review the case and determine whether the defendant was in fact acting within the scope of his or her employment"); *Kimbro*, 30 F.3d at 1509 (noting that the certification has no "particular evidentiary weight"); *Schrob*, 967 F.2d at 936 n.13 (explaining that deference to the certification "is not justified, for the certification should be reviewed de novo by the district court"); *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir.1991) (concluding, in asking "what level of deference the district court should afford the certification," that review of the certification is "de novo"); *Hamrick*, 931 F.2d at 1211 (holding that the district court should engage in a "de novo review to determine whether the certification was proper"); *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir. 1990) (noting that "the Attorney General's scope certification does not warrant judicial deference"), *amended on other grounds*, 924 F.2d 1555 (11th Cir.1991); *Nasuti v. Scannell*, 906 F.2d 802, 813 (1st Cir.1990) (holding that, for substitution purposes, the scope-of-employment question must "be independently resolved by the court").

4

If the plaintiff does not come forward with any evidence, the certification is conclusive. *Gutierrez de Martinez*, 111 F.3d at 1155. Moreover, the plaintiff's submission must be specific evidence of the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation. If the plaintiff's evidence is sufficient to carry the burden of proof, the defendant federal employee or the Government may come forward with evidence in support of the certification.

In this case, Plaintiff, after being afforded notice by the Court of her right to respond, failed to file any response in opposition to the motion to dismiss Defendant Tillman. Consequently, the Court **FINDS** that the United States Attorney's certification is conclusive evidence that Defendant Tillman was a federal employee acting within the scope of her employment at the time of the alleged incident. Accordingly, the Court **GRANTS** the United States' motion to dismiss Ms. Tillman, **DISMISSES WITH PREJUDICE** Defendant Tillman, and **SUBSTITUTES** the United States as the Defendant.

    B.    *The United States' Motion to Dismiss This Case for Lack of Subject Matter Jurisdiction*

        1.    *Federal Rule of Civil Procedure 12(b)(1)*

The United States moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss an action under Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion may attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the complaint on its face contending that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Campbell v. United States*, Civil Action No. 2:09-0503, 2010 WL 696766, at *7 (S.D. W. Va. Feb. 24, 2010) (Copenhaver, J.)

(citing *Adams*, 697 F.2d at 1219). Second, the defendant can assert that the allegations in the complaint establishing jurisdiction are not true. *Id.*

A motion questioning subject matter jurisdiction must be considered before other challenges because the court must find it has jurisdiction before determining the validity of any claims brought before it. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "It is the duty of the Court to see to it that its jurisdiction is not exceeded; and this duty, when necessary, the Court should perform on its own motion." *Spence v. Saunders*, 792 F. Supp. 480, 482 (S.D. W. Va. 1992) (Faber, J.) (citation omitted).

In a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

    *2.    Analysis*

The FTCA is the exclusive remedy for persons asserting torts claims against federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b). Section 1346(b)(1) provides that

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

The United States asserts in its motion to dismiss this case that Plaintiff failed to exhaust her administrative remedies and, thus, the Court lacks subject matter jurisdiction. (ECF 3.) A plaintiff must first present a negligence or tort claim to the appropriate federal agency before filing

6

an FTCA lawsuit. 28 U.S.C. § 2675(a). *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (stating that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). This is a jurisdictional requirement and may not be waived. *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) (citation omitted).

Plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. *McNutt*, 298 U.S. at 189. By failing to respond to Defendant's challenge to this Court's subject matter jurisdiction, Defendant's assertion that Plaintiff failed to exhaust her administrative remedies is unrebutted and, thus, this case must be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the United States' motion to dismiss Defendant Tillman, **DISMISSES** Defendant Tillman **WITH PREJUDICE** and **SUBSTITUTES** the United States as the Defendant in this case [ECF 1], **GRANTS** the United States' motion to dismiss this case for lack of jurisdiction [ECF 3], **DISMISSES** this case **WITHOUT PREJUDICE,** and **DIRECTS** the Clerk to remove this case from the Court's Docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 5, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE